**Robert J. FERGUSON, Plaintiff–Appellant,**

**v.**

**James NAGEL, et al., Defendants–Appellees.**

**No. 00–3336.**

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 17, 2001.\*

Decided May 1, 2002.

\* The appellees notified this court that they were never served with process in the district court and would not be participating in this appeal, which has been submitted without a brief from them. After examining the appel-

Before CUDAHY, RIPPLE and WILLIAMS, Circuit Judges.

**ORDER**

Wisconsin inmate Robert Ferguson sued three prison officials under 42 U.S.C. § 1983 alleging that they conspired to retaliate against him because he named one of them as the respondent in a collateral attack on the conviction that led to his imprisonment, and because he complained vocally of racial harassment he suffered at his work-release job with a private employer. According to the complaint, the defendants' retaliatory acts included issuing a fabricated conduct report against Mr. Ferguson and subjecting him to a procedurally defective disciplinary hearing, which together caused Mr. Ferguson to be transferred to a more secure facility, spend approximately three weeks in a disciplinary segregation unit, and lose both his work-release job and his minimum security classification. The complaint further alleged that the false report led the Parole Board to "prolong [Mr. Ferguson's] incarceration." In addition to correction of the conduct report, Mr. Ferguson sought return to a minimum-security facility and new parole and disciplinary hearings, but *not* release on parole. The district court nonetheless concluded that a judgment in Mr. Ferguson's favor would imply the invalidity of the conduct report and the parole determination that was based on it, and thus that Mr. Ferguson's § 1983 claims had not yet accrued. *See Edwards v. Balisok,* 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). The

lant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the brief and the record. *See* Fed. R.App. P. 34(a)(2).

**500**

district court dismissed Mr. Ferguson's complaint without prejudice, and Mr. Ferguson appeals.

The district court lacked the benefit of our recent decision in *Johnson v. Litscher*, 260 F.3d 826 (7th Cir.2001), a case on all fours with this one. Like Mr. Ferguson, Johnson sued prison officials under § 1983, alleging that his success in a prior suit against a prison health official led the defendants to retaliate against him by issuing him an excessive number of conduct reports. *Id.* at 827, 830–31. The reports led to Johnson's transfer to a maximum-security prison and placement in disciplinary segregation, as well as the loss of good time, which extended the duration of Johnson's confinement. *Id.* But Johnson, like Mr. Ferguson, did not seek to hasten his release from confinement. His complaint focused on the defendants' pattern of retaliatory conduct; prolonged confinement was merely one result of that conduct. *Id.* at 831. Because a challenge to confinement was not at the crux of Johnson's complaint, we concluded that *Edwards* was inapplicable. *See id.* Mr. Ferguson's complaint is similar to Johnson's in all crucial respects, so we do likewise here.

Accordingly, we VACATE the judgment of the district court and REMAND for further proceedings consistent with this order. Because Ferguson may amend his complaint to clarify any Title VII claim without the district court's permission, and because any amendment would relate back to the date of his original complaint, *see* Fed.R.Civ.P. 15(c), we need not comment on the district court's observation that Ferguson's complaint failed to state a "viable Title VII claim."